UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC LEE ERICKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSEPH LEHMAN, et. al., ) <br> ) <br> Defendants. ) <br> _____ ) | CASE NO.   C05-867JLR-MJB <br><br> REPORT AND RECOMMENDATION |

**I. INTRODUCTION AND SUMMARY CONCLUSION**

Plaintiff files this 42 U.S.C. § 1983 action seeking $5,000,000 and challenging the fact and duration of his confinement as false imprisonment under the Fourteenth Amendment "guarantees of Liberty Interest to live freely as an American Citizen." Dkt. # 11 at 4. Plaintiff was granted leave to proceed *in forma pauperis* and lodged his Title 42 U.S.C. § 1983 Complaint with this Court on May 24, 2005. Dkt. # 9. On July 11, 2005, Plaintiff filed an Amended Complaint. Dkt. # 11. The gravamen of his complaint is that after serving one sentence, but still under the jurisdiction of another court for a separate criminal conviction, he was remanded to custody for violation of community placement. Dkt. # 21. at 2, Dkt. # 11 at 3-4. Plaintiff couches this as a violation of his good time credits and earned early release. Now before the Court is the Defendant's Motion for Summary Judgment seeking dismissal of all Plaintiff's claims Dkt. # 21. Plaintiff has filed a response in opposition to Defendant's Motion (Dkt. # 22) and Defendant has filed a Reply (dkt. # 24). Having considered these pleadings and the

REPORT AND RECOMMENDATION
PAGE - 1

remainder of hte record, the undersigned recommends that the Defendant's Motion for Summary Judgment be granted and this action dismissed.

## II.  DISCUSSION

A.  Grounds for Summary Judgment

    Defendant claims that Plaintiff cannot demonstrate that he has been discharged from his judgment and sentence, nor that any order by the Superior Court which returned him to custody has been vacated or overturned on appeal.  Dkt. # 21 at 2.  Respondent also argues that Plaintiff's claims are barred by the statue of limitations, that Secretary Lehman has qualified immunity and is protected under the theory of *respondeat superior*, and lastly that the Eleventh Amendment shields the State of Washington's Department of Corrections from actions under Section 1983.

    Given the court's conclusion below under *Heck v. Humphrey*, it is unnecessary to rule on Defendant's remaining arguments.

B . Standard of Review

    Summary judgment

    "One of the primary purposes of the summary judgment rule [Federal Rule of Civil Procedure 56] is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 417 U.S. 317, 323-24 (1986).  Summary judgment is appropriate if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Swayze v. United States*, 785 F.2d 715, 717 (9th Cir. 1986) (citing Fed. R. Civ. P. 56(c)).  The standard provided by Rule 56 requires not only that there be <u>some</u> alleged factual disputes between the parties, but also that there be genuine issues of material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  A*nderso*n, 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.

*Id.*

C. Section 1983 bar under *Heck v. Humphrey*.

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990), *cert. denied*, 498 U.S. 1126 (1991). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim for damages that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

Respondent has argued that Plaintiff has failed to demonstrate that his claims against Lehman and the Department of corrections are not barred by *Heck*. The court agrees. The allegations set forth in the Complaint and Amended Complaint arise out of community placement violations and the subsequent punitive consequences governed by state sentencing statutes. A decision on these claims would call into question the validity of Plaintiff's present confinement, not the conditions of his confinement that are required by Title 42 U.S.C. § 1983. Therefore, Plaintiff's claim is barred by *Heck* and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, I recommend that Defendant's Motion for Summary Judgment (Dkt. # 21) be GRANTED and that this action be DISMISSED. A proposed Order accompanies this Report and Recommendation.

DATED this 29th day of June, 2006.

MONICA J. BENTON
United States Magistrate Judge